# Exhibit A

NJ

QUICK SEARCH:   All New Jersey Content

SEARCH:
102 F Supp 3d 506

- Other Federal Courts

Back to Results                    1 of 1 Results

Search Results

1.  Gallego v. Northland Grp., Inc., 102
    F. Supp. 3d 506 (S.D.N.Y., 2015)

# Gallego v. Northland Grp., Inc., 102 F. Supp. 3d 506 (S.D.N.Y., 2015)

Citation Check: This case has been cited in 1 total cases

102 F.Supp.3d 506

Jeffrey J. GALLEGO on behalf of himself and all others similarly situated, Plaintiffs,

v.

NORTHLAND GROUP, INC., and John Does 1–25, Defendants.

No. 14 Civ. 7115(AKH).

United States District Court,S.D. New York.

April 27, 2015.

[102 F.Supp.3d 508]

Benjamin Jarret Wolf, Joseph Karl Jones, Law Offices of Joseph K. Jones, LLC, New York, NY, for Plaintiffs.

Jonathan M. Robbin, Schulte Roth & Zabel LLP, New York, NY, for Defendants.

*OPINION AND ORDER DENYING CLASS CERTIFICATION AND QUESTIONING SUBJECT–MATTER JURISDICTION*

ALVIN K. HELLERSTEIN, District Judge:

Plaintiff Jeffrey Gallego brought this action against Defendant Northland Group, Inc. ("NGI), alleging violations of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692 *et seq.* On March 4, 2015, before an Answer had been filed and in anticipation of settlement, the parties filed a joint motion to certify a class pursuant to Fed.R.Civ.P. 23. For the following reasons, the motion is denied and Plaintiff is ordered to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.

**BACKGROUND**

Plaintiff is an individual who, by purchasing goods on credit, incurred financial obligations to Department Stores National Bank ("DSNB).[1] DSNB transferred the past-due obligations to NGI, a debt collector. On or around January 22, 2014, NGI sent Jeffrey Gallego a letter attempting to collect the obligation in question. The letter identified NGI as the sender, indicated that NGI is a collection agency licensed by the Minnesota Department of Commerce, and stated the name of the original creditor, the name of the store at which the debt was incurred, the original account number, and the current account balance. The letter then offered the recipient three possible methods by which to pay his bill, as well as a number to call with questions. However, the letter did not identify a *name* to call in response to the letter, which Plaintiff alleges renders it illegal.

The proposed class is estimated to include 100,000 individuals, living in New York City, who allegedly received a similar letter from NGI. Under the terms of the proposed class settlement, Defendant will deposit $17,500 to a class action pool, which represents 1% of Defendant's net worth.[2] Of this amount, Jeffrey Gallego

[102 F.Supp.3d 509]

will receive $1,000 as the class representative. The remainder will be divided among all class members who do not opt-out of the settlement, and who timely file claims. Thus, under the settlement, if all putative class members do not opt out and timely complete and return the claim form provided in the proposed Notice, the class members would receive 16.5 cents each. Meanwhile, the agreement provides for Plaintiff's counsel to recover fees up to $35,000 from Defendant.

**CLASS CERTIFICATION**

Under Rule 23, the prerequisites for maintaining a class action are numerosity, commonality, typicality, and adequacy of representation. Fed R. Civ. P. 23(a). Once these criteria are satisfied, a plaintiff must meet at least one of the criteria of Rule 23(b). Rule 23(b)(3), the applicable subsection here, requires a showing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Another criterion concerns "the likely difficulties in managing a class action. *Id.* 23(b)(3)(D).

**SUBSTANTIVE LAW**

1234 The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights. *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir.2001). It is intended to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e). "The legislative history of the passage of the FDCPA explains that [its need] arose because of collection abuses such as use of 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.' *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir.2002) (quoting S.Rep. No. 95–382, at 2 (1977), 1977 U.S.C.C.A.N. 1695, 1696). The foregoing is not an exhaustive list, however. In evaluating whether a practice violates the FDCPA, the court determines whether the hypothetical "least sophisticated consumer objectively would be deceived by the collection practice. *See Clomon v. Jackson,* 988 F.2d

1314, 1318 (2d Cir.1993).

The FDCPA also expressly contemplates parallel state debt collection laws that go beyond the FDCPA's proscriptions, such as those enacted by New York City. See 15 U.S.C. § 1692n ("This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter ..."); Eric M. Berman, P.C. v. City of New York, 895 F.Supp.2d 453, 466 (E.D.N.Y.2012) ("[T]he FDCPA should be construed

[102 F.Supp.3d 510]

to permit New York City's debt collection regulations.). The New York City regulations provide that, "[I]n addition to any practices required under any federal, state or local law, a debt collection agency must follow a number of specific rules when communicating with consumers in New York City. N.Y. City Admin. Code § 20–493.1. Most importantly for this case, the local regulations require all collectors to include in any communication "a call-back number to a phone that is answered by a natural person and "the name of the person to call back. Id.

## DISCUSSION

### A. Deficiencies of a Class Action

56 A class action is neither the superior nor fairer method for litigating the issues in the Complaint. A plaintiff bringing an FDCPA case individually can recover statutory damages of $1,000, while a class member can recover only his proportionate share of "the lesser of $500,000 or 1 per centum of the net worth of the debt collector. 15 U.S.C. § 1692k(a)(2)(B). The parties agree that one percent of NGI's net worth is approximately $17,500, which leaves each putative class member with approximately 17 cents if all of the estimated 100,000 members make claims. Such an insignificant recovery is harmful to a putative plaintiff who might have prosecuted his claim individually but failed to opt-out of the class, and it is meaningless to everyone else. Indeed, courts routinely find that a class action is not the superior method of litigation in FDCPA cases when it would result in de minimis recovery, as here. See Leyse v. Corporate Collection Svcs., Inc., 03–cv–8491, 2006 WL 2708451, at *9 n. 5 (S.D.N.Y.2006); Jones v. CBE Group, Inc., 215 F.R.D. 558, 570 (D.Minn.2003); Gradisher v. Check Enforcement Unit, Inc., 209 F.R.D. 392, 394 (W.D.Mich.2002).

Generally, class actions can be useful for cases with small individual recoveries because they create an incentive to litigate the dispute. See Amchem Prods. v. Windsor, 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (explaining that, while "small recoveries do not provide the incentive for any individual to bring a solo action ... [a] class action solves this problem by aggregating the relatively palty potential recoveries into something worth someone's (usually an attorney's) labor.). But where a statute already provides for the defendant to pay the prevailing plaintiff's attorneys' fees, as the FDCPA does, such an incentive already exists. See 15 U.S.C. § 1692k(a) ("any debt collector who fails to comply with ... this title [is liable for] ... the costs of the action, together with a reasonable attorney's fee as determined by the court.). Class certification thus adds nothing in terms of incentive to litigate cases like this one.

At the same time, the prospect of such a meaningless recovery is likely to deter interest among the class members, resulting in mass indifference and few or no opt outs. If, as a consequence, only a small handful make claim, they could become entitled to several thousand dollars. The prospect of mass indifference, a few profiteers, and a quick fee to clever lawyers is hardly the intended outcome for Rule 23 class actions.

A class of 100,000 recipients of NGI's letter also would be difficult to manage, and the cost of providing the "best notice practicable under the circumstances, Fed.R.Civ.P. 23(c)(2), would be disproportionate to the benefit accruing to plaintiffs. Furthermore, if the settlement fails because, for example, more than 50 putative class members opt out (as the settlement agreement provides), NGI could be forced to assert compulsory counterclaims related to its debt collection efforts against the

[102 F.Supp.3d 511]

individual plaintiffs. I am wary of presiding over such an unwieldy class action in which individual issues so overshadow those of the class.

Because I find that certifying a class would do little more than turn NGI's settlement with Mr. Gallego into a general release of liability from all similarly situated plaintiffs at minimal extra cost while furthering a cottage industry among enterprising lawyers, class certification is denied.

### B. Lack of Subject Matter Jurisdiction

789 "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am. 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Subject-matter jurisdiction "involves a court's power to hear a case and "can never be forfeited or waived. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). A court is independently obligated to consider its subject-matter jurisdiction over a case, sua sponte if necessary, Kontrick v. Ryan, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In this case, the only purported basis for subject-matter jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331 and arising under the FDCPA. "The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices. Marx v. General Revenue Corp., —— U.S. ——, 133 S.Ct. 1166, 1171 n. 1, 185 L.Ed.2d 242 (2013). However, the crux of Plaintiff's Complaint is that Defendant's failure to include the name of the person to call back violated a provision of the New York City law that also regulates debt collection practices. See N.Y. City Admin. Code 20–493.1(a)(iv). A claimed violation of that statute arises under New York City law and is cognizable in the New York State courts. There has been no showing that the omission of the name of a person to call back in defendant's letter constitutes an "abusive, deceptive, or unfair practice under the FDCPA. If the matter is a question of only New York City law, it is questionable whether the Complaint properly alleges subject-matter jurisdiction. See 15 U.S.C. § 1692 et seq.

The parties have not briefed this issue. Indeed, nothing in this Order has been briefed, since the parties agreed to a settlement even before Defendant filed its Answer. Plaintiff may, by May 15, 2015, file a brief showing the basis for federal question jurisdiction. Failing such a showing, this case will be dismissed.

## CONCLUSION

The joint motion to certify the class is denied. A finding of jurisdiction is deferred pending a timely submission by Plaintiff by May 15, 2015. The Clerk shall mark the motion (Doc. No. 16) terminated.

SO ORDERED.

——

FootNotes

[1] The Complaint does not allege the business of DSNB. According to its internet description, it appears to issue credit cards for use in department stores.

[2] This is the maximum liability permitted in an FDCPA class action. 15 U.S.C. § 1692k(a) ("any debt collector who fails to comply with any provision of this subchapter ... is liable to such person ... in the case of a class action [ ] such amount as the court may allow ... "not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the debt collector).

2

# Gallego v. Northland Grp. Inc. (2nd Cir., 2016) UNREPORTED

**Citation Check:** This case has been cited in 0 cases

**JEFFREY J. GALLEGO, on behalf of himself and all others similarly situated, Plaintiff-Appellant,**

**v.**

**NORTHLAND GROUP INC., JOHN DOES 1-25, Defendants-Appellees.**

**Docket No. 15-1666-cv**

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**August Term, 2015**
**Argued: December 7, 2015**
**February 22, 2016**

Before: LIVINGSTON and LYNCH, *Circuit Judges*, and RAKOFF, *District Judge*.

Page 2

Plaintiff-appellant Jeffrey J. Gallego appeals from orders of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) denying class certification and dismissing the complaint for lack of subject-matter jurisdiction. The district court held that Gallego's claims under the Fair Debt Collection Practices Act ("FDCPA") were not colorable, and thus that there was no federal-question jurisdiction. We hold, to the contrary, that although the FDCPA claims lack merit, they are not so frivolous that they fail to raise a colorable federal question sufficient to support federal jurisdiction. We further conclude that the district court did not abuse its discretion in denying class certification.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

BENJAMIN J. WOLF (Joseph K. Jones, *on the brief*), Law Offices of Joseph K. Jones, LLC, New York, New York, *for Plaintiff-Appellant*.

JONATHAN M. ROBBIN, Blank Rome LLP, New York, New York, *for Defendant-Appellee Northland Group Inc*.

GERARD E. LYNCH, *Circuit Judge*:

In this putative class action, plaintiff-appellant Jeffrey J. Gallego alleges that defendant-appellee Northland Group Inc. ("Northland") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*, by sending him and other class members a debt collection letter that gave a call-back number but did not specify the name of the person at that number. Before a responsive

Page 3

pleading was filed, Gallego and Northland sought to settle the matter on a classwide basis. The district court denied class certification, and then dismissed the complaint for lack of subject-matter jurisdiction on the ground that it did not raise a colorable federal question.

While we agree with the district court that Gallego's allegations concerning the failure to include the name of a person to call back do not state a claim under the FDCPA, we disagree that the claim is so insubstantial that it does not even support federal-question jurisdiction. We further conclude that the district court did not abuse its discretion in denying class certification. Accordingly, the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this opinion.

## BACKGROUND

Gallego brought this action in the Southern District of New York on behalf of himself and a class consisting of "[a]ll New York consumers who were sent letters and/or notices from [Northland], attempting to collect a debt owed to Department Stores National Bank [("DSNB")], which did not contain the name of the person to call back." J.A. 98. The complaint alleged that the failure to provide a name violated the FDCPA, and thus the asserted basis for jurisdiction

Page 4

3

was that the action was one "arising under the . . . laws . . . of the United States." 28 U.S.C. 1331.

The letter received by Gallego, which is attached to the complaint as an exhibit and is dated January 22, 2014, identifies Northland as the sender, indicates that Northland is a collection agency licensed by the Minnesota Department of Commerce, and states the name of the original creditor (DSNB), the name of the store at which Gallego incurred the debt (Macy's) and the original account number. The letter opens with the proclamation: "IT'S A NEW YEAR WITH NEW OPPORTUNITIES!", J.A. 106, and invites Gallego to settle his account for either $190.20 over four payments or $171.18 over two payments. It offers Gallego the option to pay online, by phone or by mail, and contains a boldface disclaimer explaining that the statute of limitations on the debt has expired, but that "court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment." Id. Finally, it provides a telephone number for Gallego to call if he has any questions, but does not give the name of any person who can be reached at that number.

Page 5

Gallego alleges that the letter's failure to provide a call-back name violates two provisions of the FDCPA: 15 U.S.C. 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," and 15 U.S.C. 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and gives examples of such prohibited means. Neither provision explicitly requires debt collection letters to include a call-back name, but the New York City Administrative Code does. See N.Y.C. Admin. Code 20–493.1(a)(iv). The complaint claims that, "[b]ecause the January 22, 2014 letter failed to provide the name of the person to call back, as required by [N.Y.C. Admin. Code. 20–493.1(a)(iv)], [Northland] violated") 1692e(10) and 1692f. J.A. 102-03.

Before Northland had filed a responsive pleading, the parties agreed to settle the lawsuit on a classwide basis. The settlement agreement provided that Northland would establish a fund totaling $17,500, an amount the agreement stated was approximately equal to 1% of Northland's net worth.[1] Of that

Page 6

amount, the settlement (if approved) would pay $1000 to Gallego, as class representative, and distribute the remaining $16,500 to class members who filed timely claims. The agreement capped attorneys' fees at $35,000. Under the agreement, class members - of whom the agreement estimated that there were around 100,000 - would have the choice to opt out of the settlement, but all class members who did not exercise that option would release all their claims against Northland relating to the letter, whether or not they filed a claim to receive part of the settlement. Finally, the agreement was to become null and void if more than fifty class members affirmatively opted out, unless Northland waived that provision.

Northland and Gallego then jointly moved for conditional approval of the classwide settlement and to certify the conditional settlement class. On April 27, 2015, the district court (Alvin K. Hellerstein, J.) denied class certification, concluding that a class action was "neither the superior nor fairer method for litigating the issues in the Complaint." Gallego v. Northland Grp., Inc., 102 F. Supp. 3d 506, 510 (S.D.N.Y. 2015). The court then sua sponte questioned its subject-matter jurisdiction, explaining that the complaint appeared to allege nothing other than a violation of New York City law and not to raise any

Page 7

colorable federal claims, and directed Gallego to show cause why the complaint ought not be dismissed on that basis. Id. at 511. In response, Gallego filed a "cross motion for reconsideration" of the April 27 order, J.A. 13-14. Four days later, on May 19, 2015, the district court issued an order denying the motion, and dismissing the case for lack of subject-matter jurisdiction. This appeal followed.

## DISCUSSION

### I. Subject-Matter Jurisdiction

Federal district courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. The Supreme Court has recognized, however, that federal claims that are "not colorable, i.e. . . . 'immaterial and made solely for the purpose of obtaining jurisdiction' or . . . 'wholly insubstantial and frivolous,'" do not give rise to federal-question jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006), quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946). The district court found that Gallego's FDCPA claims fell into that category. We disagree.

Just weeks ago, the Supreme Court cautioned courts against collapsing the distinction "between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits."

4

Page 8

Shapiro v. McManus, 136 S. Ct. 450, 455 (2015). The Court cited a series of formulations from prior cases illustrating the level of frivolity required for a federal claim to fail to invoke federal subject-matter jurisdiction - "'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit,'" id. at 456 - and further noted that the adverbs in those formulations "were no mere throwaways; the limiting words 'wholly' and 'obviously' have cogent legal significance." Id. (alteration and some internal quotation marks omitted). Unless a claim fails to clear even that low bar, the Court explained, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." Id. That is what the district court should have done here.

     We agree with the district court that Gallego fails to state a claim under the FDCPA. The complaint can be read as asserting two alternative theories of FDCPA liability: either that the prohibitions of 1692e(10) and 1692f against "false representation[s,] deceptive means" and "unfair or unconscionable means" in effect incorporate the New York City Administrative Code's provisions on debt collection agencies, or that failing to include a call-back name is itself "deceptive" or "unfair or unconscionable," under the plain meaning of those terms.

Page 9

     Neither theory has merit. As to the first, there is no indication that Congress intended for 1692e(10) and 1692f to incorporate state- or local-law standards of conduct. On the contrary, the FDCPA expressly contemplates the existence of state laws that offer protections to consumers that go beyond the FDCPA itself. The section entitled "[r]elation to State laws" provides that the FDCPA preempts state laws to the extent that they are "inconsistent" with the FDCPA, and further clarifies that "a State law is not inconsistent with [the FDCPA] if the protection such law affords any consumer is greater than the protection provided by [the FDCPA]." 15 U.S.C. 1692n. If the FDCPA itself incorporated applicable state and local law, that clarification would be unnecessary. Accordingly, we join every other Circuit Court to have considered the question in concluding that violations of state and local debt collection statutes are not per se actionable under the FDCPA. See Currier v. First Resolution Inv. Corp., 762 F.3d 529, 537 (6th Cir. 2014) (stating that "Congress did not turn every violation of state law into a violation of the FDCPA"); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010) (holding that "the conduct or communication at issue must also violate the relevant provision of the FDCPA," and not merely a state-law provision); Beler v. Blatt, Hasenmiller,

Page 10

Leibsker & Moore, LLC, 480 F.3d 470, 474 (7th Cir. 2007) (holding that 1692f "does not take a state-law dispute and move it to federal court"); Carlson v. First Revenue Assurance, 359 F.3d 1015, 1018 (8th Cir. 2004) (stating that the FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation"); Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (disagreeing "that debt collection practices in violation of state law are per se violations of the FDCPA").

     The second theory is equally unavailing. The omission of a call-back name is neither a "false representation" nor a "deceptive means" under 1692e(10). It does not render the collection letter "open to more than one reasonable interpretation, at least one of which is inaccurate." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 173 (2d Cir. 2015); see also Oxford English Dictionary (2d ed. online version Dec. 2015) (defining "deceive" as "[t]o cause to believe what is false; to mislead as to a matter of fact, lead into error, impose upon, delude, 'take in'"). Instead, the omission simply withholds information that New York City law has required debt agencies to supply, but that is not necessary to enable a recipient to understand the rest of the information contained in a typical debt collection letter. Nor can the omission fairly be characterized as an "unfair or

Page 11

unconscionable means" under 1692f. Gallego has not even attempted to explain how the provision of a call-back name is in any way essential to the fairness of a debt collection practice, under any conception of "fairness." And because "unconscionable," in this context, means "[s]hockingly unjust or unfair," or "affronting the sense of justice, decency, or reasonableness," Unconscionable, Black's Law Dictionary (10th ed. 2014), omitting a call-back name is a fortiori not unconscionable either.

     That said, neither theory is so obviously frivolous that it fails to raise a colorable federal question. Importantly, neither is foreclosed by Supreme Court or Second Circuit precedent. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)); Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 138-39 (2d Cir. 2002) ("Given the clear and unambiguous precedent in this Circuit . . . the district court did not err in determining that [the petitioner-appellant's] argument failed to confer jurisdiction . . . ."). Indeed, to our knowledge, the district court here was

5

Page 12

the first court ever to consider Gallego's second theory. And while the first theory has met with universal disfavor in the Courts of Appeals, such adverse authority does not necessarily make a claim insubstantial, or foreclose the possibility that another court might find it meritorious. See, e.g., United States v. Rodriguez-Rios, 14 F.3d 1040 (5th Cir. 1994) (en banc) (rejecting the "exculpatory no" exception to 18 U.S.C. 1001 after it had been adopted by eight circuits, including the Fifth Circuit itself); Brogan v. United States, 522 U.S. 398 (1998) (agreeing with Rodriguez-Rios). Innovative lawyers should not be deterred from advancing legal theories that neither we nor the Supreme Court have authoritatively rejected by the risk of having their claims branded "frivolous" simply on the basis of non-binding adverse authority.

Nor are Gallego's theories so obviously without merit as to preclude jurisdiction in the absence of relevant binding precedent. In other contexts, the Supreme Court has occasionally directed courts to look to state law "to fill the interstices of federal legislation," United States v. Kimbell Foods, Inc., 440 U.S. 715, 727-28 (1979), and the argument that a court interpreting the FDCPA - and particularly the phrase "unfair or unconscionable means," which, it has been observed, is "as vague as they come," Beler, 480 F.3d at 474 - should do the same

Page 13

is not obviously frivolous. Nor is the argument that providing a call-back number without a call-back name could make it marginally easier for debt collection agencies to refuse to engage with callers at that number - a practice that could itself be characterized as "unfair." Thus, because Gallego's FDCPA claims meet the very low threshold required to support federal-question jurisdiction, despite their ultimate lack of merit, the district court has jurisdiction to address them on the merits.[2]

II. Class Certification

Having determined that the district court had subject-matter jurisdiction over this action, we must next address its denial of class certification, which we review for abuse of discretion. Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP, 806 F.3d 71, 86 (2d Cir. 2015). That standard of review is deferential: "the district court is empowered to make a decision - of *its* choosing - that falls within a range of permissible decisions, and we will only

Page 14

find 'abuse' when the district court's decision rests on an error of law or a clearly erroneous factual finding, or its decision cannot be located within the range of permissible decisions." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) (ellipses and some internal quotation marks omitted). We discern no abuse of discretion here.

Before certifying a class, a district court must assure itself that the requirements of Federal Rule of Civil Procedure 23(a) and (b) have been met. Of most relevance here are the requirements "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b) (3), and that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In the context of a request for settlement-only class certification, the protection of absentee class members takes on heightened importance. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).

In concluding that Rule 23(b)(3)'s superiority requirement was not met, the district court pointed to the "meaningless" amount - 16.5 cents, by our calculation - that each putative class member would receive from the settlement if all of the estimated 100,000 class members filed a claim. Gallego, 102 F. Supp.

Page 15

3d at 510. It further explained that the cost of providing class members "the best notice that is practicable under the circumstances," as required by Rule 23(c)(2)(B), "would be disproportionate to the benefit accruing to" the class members. Id. In response, Gallego claims that the vast majority of class members are unlikely to file claims, estimating the probable participation rate at 5%, and that those who do file claims will thus recover a more substantial amount. An expected low participation rate is hardly a selling point for a proposed classwide settlement - and the relief provided would still be trivial even if only 5% of class members filed a claim. Denial of certification was within the range of permissible decisions where it appeared that the intended result of the settlement was "mass indifference, a few profiteers, and a quick fee to clever lawyers." Id.

There was also reason for the district court to doubt that Gallego would "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4). See id. at 511 (finding that "certifying a class would do little more than turn [Northland]'s settlement with Mr. Gallego into a general release of liability from all similarly situated plaintiffs at minimal extra cost"). The settlement agreement reached by Gallego and Northland provided that all class members

Page 16

6

who did not affirmatively opt out of the settlement would release their claims against Northland, not only under the FDCPA, but also under other federal laws, "state law, New York City law (including the New York City Administrative Code), common law, territorial law, or foreign law." J.A. 64. The release applied to all "[c]laims arising out of any of the facts, events, occurrences, acts or omissions complained of in the Lawsuit, or other related matters . . . relating to letters sent to them that are substantially similar to the letter" received by Gallego. Id. The conclusion is reasonable that absentee class members' interests would not be best served by a settlement that required them to release any and all claims relating to similar letters from Northland in exchange for as little as 16.5 cents - or for no money at all, if they succumbed to the mass indifference predicted by Gallego himself.

## CONCLUSION

For the reasons stated above, we VACATE the judgment dismissing the case for lack of subject-matter jurisdiction and AFFIRM the denial of class certification. The case is REMANDED for further proceedings consistent with this opinion, including the consideration of any motion to dismiss for failure to state a claim that may be filed.

--------

Footnotes:

\* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1. Liability in a class action under the FDCPA may not "exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. 1692k(a)(2)(B).

2. We emphasize, however, that we do not find jurisdiction here on the ground urged by Gallego: that several district court decisions ruled on the merits of similar claims without questioning their subject-matter jurisdiction. Even were we bound by district court decisions, which of course we are not, it is well established that *sub silentio* assumptions of jurisdiction have no precedential value on the jurisdictional question. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119 (1984); Adeleke v. United States, 355 F.3d 144, 149-50 (2d Cir. 2004).

--------

7

ECF,REOPEN

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:14–cv–07115–AKH

Gallego et al v. Northland Group, Inc. et al
Assigned to: Judge Alvin K. Hellerstein
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 09/04/2014
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2016 | | ***NOTE TO ATTORNEY TO E-MAIL DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney Benjamin Wolf to E–MAIL Document No. 37 Stipulation of voluntary dismissal to judgments@nysd.uscourts.gov with handwritten signatures. This document is not filed via ECF. (jk) (Entered: 04/28/2016) |
| 04/27/2016 | 37 | FILING ERROR – ELECTRONIC FILING OF NON–ECF DOCUMENT – STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, WITH prejudice against the defendant(s) John Does 1–25, Northland Group, Inc. and Without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Jeffrey J. Gallego(on behalf of himself), Jeffrey J. Gallego(all others similarly situated).(Wolf, Benjamin) Modified on 4/28/2016 (jk). (Entered: 04/27/2016) |
| 04/07/2016 | 36 | ORDER TO SHOW CAUSE: In its opinion affirming my denial of class certification, and vacating my dismissal on the grounds that subject matter jurisdiction was lacking, the Second Circuit affirmed my holding that Gallego had "failed to state a claim under the FDCPA." Gallego v. Northland Group, Inc., 814 F.3d 123, 127(2d Cir. 2016). Accordingly, on remand, the only remaining claims are those related to a provision of the New York City law that also regulates debt collection practices. See N.Y. City Admin. Code 20–493.1(a)(iv). Plaintiff is hereby ordered to show cause, by May 15, 2016, why the case should not be dismissed pursuant to 28 U.S.C. § 1367(c)(3). (Signed by Judge Alvin K. Hellerstein on 4/6/2016) (mro) (Entered: 04/08/2016) |
| 03/30/2016 | | Transmission of USCA Mandate to the District Judge re: 35 USCA Mandate,,. (nd) (Entered: 03/30/2016) |
| 03/30/2016 | 35 | MANDATE of USCA (Certified Copy) as to 30 Notice of Appeal, filed by Jeffrey J. Gallego. IT IS HEREBY ORDERED, ADJUDGED and DECREED that the district court's judgment dismissing the case for lack of subject–matter jurisdiction is VACATED and the denial of class certification is AFFIRMED. The case is REMANDED for further proceedings consistent with the 34 opinion of this Court, including the consideration of any motion to dismiss for failure tostate a claim that may be filed. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 03/30/2016. (nd) (Entered: 03/30/2016) |
| 02/22/2016 | 34 | OPINION of USCA as to 30 Notice of Appeal, filed by Jeffrey J. Gallego. USCA Case Number 15–1666–cv.. Plaintiff appellant Jeffrey J. Gallego appeals from orders of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, Judge) denying class certification and dismissing the complaint for lack of subject matter jurisdiction. The district court held that Gallego's claims under the Fair Debt Collection Practices Act ("FDCPA") were not colorable, and thus that there was no federal–question jurisdiction. We hold, to the contrary, that although the FDCPA claims lack merit, they are not so frivolous that they fail to raise a colorable federal question sufficient to support federal jurisdiction. We further conclude that the district court did not abuse its discretion in denying class certification. AFFIRMED IN PART, VACATED IN PART, AND REMANDED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. |

# Exhibit B(a)

# Select A Case

NEW JERSEY
FEDERAL
DISTRICT Court

**JOSEPH K. JONES is an attorney in 316 cases.**

| | | | |
|---|---|---|---|
| 1:07-cv-05139-JHR-KMW | SMITH v. LYONS, DOUGHTY & VELDHUIS, P.C. et al | filed 10/24/07 | closed 07/15/09 |
| 1:07-cv-06000-JBS-AMD | MIMS v. PHILLIPS & COHEN ASSOCIATES, LTD. | filed 12/17/07 | closed 03/20/08 |
| 1:08-cv-00179-RBK-JS | RASNER et al v. ESTATE RECOVERIES, INC. | filed 01/09/08 | closed 03/17/08 |
| 1:09-cv-00056-JHR-AMD | CAMHI et al v. PHILLIPS & COHEN ASSOCIATES, LTD. et al | filed 01/06/09 | closed 03/16/09 |
| 1:11-cv-00848-KMW | ARDINO v. LYONS, DOUGHTY & VELDHUIS, P.C. et al | filed 02/15/11 | closed 10/01/13 |
| 1:11-cv-01456-RBK-JS | ARDINO v. SRA ASSOCIATES, INC. et al | filed 03/15/11 | closed 08/31/11 |
| 1:12-cv-06056-JEI-JS | REINISCH v. GB COLLECTS, LLC et al | filed 09/26/12 | closed 03/26/13 |
| 1:13-cv-00237-KMW | WILSON v. MATTLEMANN, WEINROTH & MILLER, P.C. et al | filed 01/13/13 | closed 04/16/14 |
| 1:13-cv-05069-KMW | CAPRIO v. APEX ASSET MANAGEMENT, LLC et al | filed 08/23/13 | closed 02/19/15 |
| 1:13-cv-05238-KMW | CAPRIO v. APEX ASSET MANAGEMENT, LLC et al | filed 08/30/13 | closed 08/22/14 |
| 1:13-cv-06842-AMD | CAPRIO v. APEX ASSET MANAGEMENT, LLC et al | filed 11/12/13 | closed 08/22/14 |
| 1:13-cv-06962-AMD | GREGORY v. MCCABE, WEISBERG & CONWAY, P.C. et al | filed 11/17/13 | closed 02/27/15 |
| 1:14-cv-02563- | CHMIGELSKI v. ALLSTATE COLLECTION AGENCY, | | |

1

| NLH-AMD | LLC et al | filed 04/22/14 | closed 11/24/14 |
|---|---|---|---|
| 1:15-cv-00688-RBK-KMW | MORELLO v. LAW OFFICES OF FREDERIC I. WEINBERG & ASSOCIATES, P.C. et al | filed 01/30/15 | closed 08/28/15 |
| 1:15-cv-00753-RMB-AMD | CRUZ v. FINANCIAL RECOVERIES et al | filed 02/02/15 | closed 06/28/16 |
| 1:15-cv-02784-JS | ALSTON v. TATE & KIRLIN ASSOCIATES et al | filed 04/20/15 | closed 01/21/16 |
| 1:15-cv-06532-JHR-AMD | BOWMAN v. THOMAS, KING AND ASSOCIATES. LLC. et al | filed 08/31/15 | closed 09/21/16 |
| 1:16-cv-04458-RBK-KMW | TABOR v. PARRISH AND LEBAR, L.L.P. et al | filed 07/22/16 | closed 09/21/16 |
| 1:16-cv-08452-JHR-AMD | SANTIAGO v. DIVERSIFIED CONSULTANTS, INC. et al | filed 11/11/16 | |
| 2:07-cv-04147-FSH-PS | WISHNIA v. D.B.F. COLLECTION CORP. et al | filed 08/28/07 | closed 01/23/08 |
| 2:07-cv-04450-SDW-MCA | LINDSEY et al v. KINSTLINGER et al | filed 09/17/07 | closed 11/08/07 |
| 2:07-cv-05996-JLL-CCC | SMITH v. GSI RECOVERY, LLC | filed 12/17/07 | closed 01/14/08 |
| 2:08-cv-00570-SRC-MAS | STOKES v. RPM MANAGEMENT, LLC | filed 01/31/08 | closed 03/28/08 |
| 2:08-cv-01787-SDW-MCA | WHITLOW et al v. FALONI & LA RUSSO, ESQS. | filed 04/11/08 | closed 07/25/08 |
| 2:08-cv-01810-KSH-PS | REX v. PALISADES ACQUISITION XVI, LLC et al | filed 04/14/08 | closed 05/13/08 |
| 2:08-cv-01936-MCA | MEEKINS v. NCO FINANCIAL SYSTEMS, INC. | filed 04/21/08 | closed 09/30/09 |
| 2:08-cv-01937- | | | |

2

SMITH v. PARAMOUNT RECOVERY SYSTEMS         filed 04/21/08   closed 05/13/09

| | | | |
|---|---|---|---|
| 2:08-cv-02149-PGS-ES | SMITH v. VENGROFF, WILLIAMS & ASSOCIATES, INC. | filed 05/02/08 | closed 05/15/08 |
| 2:08-cv-04009-SDW-MCA | MACK v. ENCORE RECEIVABLE MANAGEMENT, INC. | filed 08/11/08 | closed 10/08/08 |
| 2:08-cv-04028-PGS-ES | SMITH v. ALLIANCE FINANCIAL MANAGEMENT, LLC | filed 08/11/08 | closed 10/20/08 |
| 2:08-cv-04032-DRD-MAS | SMITH v. CREDIT COUNSEL INC. | filed 08/11/08 | closed 10/02/08 |
| 2:08-cv-04865-DMC-MF | OUTTEN v. NATIONAL ENTERPRISE SYSTEMS | filed 09/30/08 | closed 11/25/08 |
| 2:08-cv-05657-JLL-CCC | GEORGE v. MANNA & ASSOCIATES, L.L.C. | filed 11/17/08 | closed 05/13/09 |
| 2:08-cv-05658-KSH-PS | STOKES v. FOCUS RECEIVABLES MANAGEMENT, et al | filed 11/17/08 | closed 03/30/09 |
| 2:08-cv-06032-KSH-MAS | STOKES v. CREDIT COLLECTION SERVICES | filed 12/09/08 | closed 02/24/09 |
| 2:08-cv-06301-PGS-ES | SMITH v. WILLIAMS, ALEXANDER & ASSOCIATES et al | filed 12/22/08 | closed 05/07/09 |
| 2:08-cv-06407-SDW-MCA | PETER v. CENTRAL CREDIT SERVICES, INC. | filed 12/30/08 | closed 04/16/09 |
| 2:08-cv-06408-SRC-MAS | PETER v. CREDITORS FINANCIAL GROUP, LLC | filed 12/30/08 | closed 06/08/09 |
| 2:08-cv-06409-PGS-ES | PETER v. NELSON, WATSON & ASSOCIATES, LLC et al | filed 12/30/08 | closed 11/10/09 |
| 2:08-cv-06416-WHW-CCC | OUTTEN v. ASSET ACCEPTANCE, LLC et al | filed 12/31/08 | closed 03/10/09 |
| 2:09-cv-00042- | WHITLOW v. MANN BRACKEN, LLC et al | filed 01/05/09 | closed 07/07/09 |

3

FSH-MAS

| 2:09-cv-00774-SRC-MAS | SMITH v. APEX ASSET MANAGEMENT,LLC | filed 02/23/09 | closed 04/16/09 |
| 2:09-cv-01330-JLL-CCC | THOMPKINS et al v. WELTMAN, WEINBERG & REIS CO., L.P.A. | filed 03/24/09 | closed 09/09/09 |
| 2:09-cv-02346-WHW-CCC | PETER et al v. WILLIAMS, ALEXANDER & ASSOCIATES et al | filed 05/15/09 | closed 07/20/09 |
| 2:09-cv-02738-WJM-MF | WATSON v. NRA GROUP, LLC | filed 06/05/09 | closed 08/18/10 |
| 2:09-cv-02775-MAS | SALTERS v. ALLIANCE ONE RECEIVABLES MANAGEMENT INC. et al | filed 06/08/09 | closed 07/15/10 |
| 2:09-cv-02790-KSH-PS | SMITH v. OXFORD MANAGEMENT SERVICES | filed 06/10/09 | closed 10/26/09 |
| 2:09-cv-02961-JLL-CCC | KENNEDY v. ALLIED INTERSTATE, INC. et al | filed 06/18/09 | closed 05/04/10 |
| 2:09-cv-02994-SDW-MCA | FRAENKEL v. NCC BUSINESS SERVICES | filed 06/19/09 | closed 09/09/09 |
| 2:09-cv-03056-SRC-MAS | SILLS v. RETAIL RECOVERY SERVICES, INC. | filed 06/23/09 | closed 07/17/09 |
| 2:09-cv-03434-JAG-MCA | SALTERS v. GOLDMAN & WARSHAW, P.C. | filed 07/13/09 | closed 09/15/09 |
| 2:09-cv-04235-DRD-MAS | PETRILLO v. AR TECHNOLOGIES et al | filed 08/19/09 | closed 05/12/10 |
| 2:09-cv-04790-JLL-CCC | KENNEDY v. J.C. CHRISTENSEN AND ASSOCIATES, INC. et al | filed 09/16/09 | closed 12/01/09 |
| 2:09-cv-05115-SRC-MAS | KENNEDY v. NORTH SHORE AGENCY, INC. et al | filed 10/06/09 | closed 02/01/10 |
| 2:09-cv-05258-KSH-PS | STOKES v. O'BRIEN & TAYLOR | filed 10/14/09 | closed 01/21/10 |

4

| 2:09-cv-05480-DRD-MAS | KENNEDY v. UNITED COLLECTION BUREAU, INC. | filed 10/28/09 | closed 02/03/10 |
|---|---|---|---|
| 2:09-cv-06082-KSH-MAS | KENNEDY v. FORSTER, GARBUS & GARBUS, ARROW FINANCIAL SERVICES, LLC et al | filed 12/02/09 | closed 03/08/10 |
| 2:09-cv-06445-KSH-PS | SMITH v. KAUFMAN, ESQ. | filed 12/22/09 | closed 02/04/10 |
| 2:10-cv-01493-MAS | CRENSHAW v. COMPUTEX INFORMATION SERVICES, INC. et al | filed 03/23/10 | closed 04/30/11 |
| 2:10-cv-01653-SRC-MAS | SHARKEY v. MIDLAND FUNDING, LLC et al | filed 03/31/10 | closed 10/12/10 |
| 2:10-cv-01741-JLL-CCC | STOKES v. AFNI, INC. | filed 04/06/10 | closed 05/18/10 |
| 2:10-cv-02065-KSH-PS | STOKES v. INTEGRITY ASSET MANAGEMENT, LLC. | filed 04/22/10 | closed 06/08/10 |
| 2:10-cv-02589-SDW-MCA | KENNEDY v. BUREAU OF COLLECTION RECOVERY, LLC et al | filed 05/20/10 | closed 04/21/11 |
| 2:10-cv-02593-SDW-MCA | JACKSON v. LEADING EDGE RECOVERY SOLUTIONS, LLC et al | filed 05/20/10 | closed 05/05/11 |
| 2:10-cv-02595-FSH-PS | JACKSON v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 05/20/10 | closed 06/23/10 |
| 2:10-cv-02945-WJM-MF | DEFAZIO v. LEADING EDGE RECOVERY SOLUTIONS, LLC et al | filed 06/10/10 | closed 02/17/12 |
| 2:10-cv-03103-DMC-JAD | STOKES v. COMPUTER CREDIT, INC. | filed 06/17/10 | closed 03/22/11 |
| 2:10-cv-03602-MAH | DEFAZIO et al v. PRESSLER & PRESSLER, L.L.P. et al | filed 07/16/10 | closed 10/21/13 |
| 2:10-cv-03922-MCA | RUTHA SMITH v. HERITAGE FINANCIAL RECOVERY SERVICES et al | filed 08/02/10 | closed 11/28/11 |

5

| 2:10-cv-04184-KSH-PS | PETRILLO v. TRANS-CONTINENTAL CREDIT & COLLECTION CORP. et al | filed 08/16/10 | closed 12/08/10 |
| 2:10-cv-04250-FSH-PS | STOKES v. ASSOCIATED CREDIT SERVICES, INC. | filed 08/18/10 | closed 12/15/10 |
| 2:10-cv-04285-JLL-CCC | CUTOLA v. LAW OFFICES OF MITCHELL N. KAY, P.C., et al | filed 08/19/10 | closed 09/28/10 |
| 2:10-cv-04312-PGS-ES | PETRILLO v. NICHTER et al | filed 08/26/10 | closed 12/08/10 |
| 2:10-cv-04319-WJM-MF | JEFFERY v. LITTON LOAN SERVICING, LP. et al | filed 08/23/10 | closed 03/31/11 |
| 2:10-cv-04568-JLL-CCC | KENNEDY v.RICHARD J. BOUDREAU & ASSOCIATES, LLC et al | filed 09/07/10 | closed 12/03/10 |
| 2:10-cv-04569-FSH-PS | HARVEN v. LANDIS, ESQ et al | filed 09/07/10 | closed 04/08/11 |
| 2:10-cv-04904-SRC-MAS | KENNEDY v. ACCURATE COLLECTION SERVICES, LLC et al | filed 09/23/10 | closed 01/19/11 |
| 2:10-cv-05190-SDW-MCA | HARVEN v. UNITED COLLECTION BUREAU, INC. et al | filed 10/08/10 | closed 01/31/11 |
| 2:10-cv-05346-WJM-MF | SMITH v. PHILLIPS & COHEN ASSOCIATES, LTD. | filed 10/17/10 | closed 12/21/10 |
| 2:10-cv-05358-DMC-JAD | KENNEDY v. PORTFOLIO RECOVERY ASSOCIATES, LLC. et al | filed 10/18/10 | closed 04/29/11 |
| 2:10-cv-05375-DMC-JAD | HARVEN v. FORSTER, GARBUS & GARBUS et al | filed 10/18/10 | closed 12/30/10 |
| 2:10-cv-05537-FSH-PS | BAUSTISTA v. WILLIAMS, CALIRI, MILLER & OTLEY, P.C. et al | filed 10/25/10 | closed 08/10/11 |
| 2:10-cv-05981-WHW-MCA | SANTORO-WANEK v. TROJAN PROFESSIONAL SERVICES, INC. et al | filed 11/15/10 | closed 10/13/11 |
| 2:10-cv-06408- | MORSE v. KAPLAN et al | filed 12/09/10 | closed 06/08/11 |

6

SRC-MAS

| 2:10-cv-06417-SDW-MCA | MORSE v. DAN MAR LOGISTIC SYSTEMS, INC. et al | filed 12/10/10 | closed 05/16/11 |
|---|---|---|---|
| 2:10-cv-06568-SRC-MAS | JACKSON v. PLATINUM RECOVERY SOLUTIONS, INC. et al | filed 12/17/10 | closed 04/28/11 |
| 2:11-cv-00671-DMC-JAD | RIZZO v. FORSTER, GARBUS & GARBUS et al | filed 02/07/11 | closed 03/24/11 |
| 2:11-cv-00755-SDW-MCA | DEFAZIO v. MIDLAND FUNDING, LLC et al | filed 02/10/11 | closed 06/02/11 |
| 2:11-cv-00901-DMC-MF | ARDINO v. DUFEK, ESQ. et al | filed 02/17/11 | closed 02/21/12 |
| 2:11-cv-01164-SDW-MCA | SMITH v. PARAMOUNT RECOVERY SYSTEMS | filed 03/01/11 | closed 04/14/11 |
| 2:11-cv-01369-SRC-MAS | MORSE v. JEFFREY G. LERMAN, P.C. et al | filed 03/10/11 | closed 04/22/11 |
| 2:11-cv-01536-WHW-MCA | ARDINO v. NELSON, WATSON & ASSOCIATES, LLC et al | filed 03/17/11 | closed 07/12/11 |
| 2:11-cv-01996-CCC-JAD | GOBO et al v. WORLDWIDE RECOVERIES, LLC et al | filed 04/07/11 | closed 06/23/11 |
| 2:11-cv-02097-CCC-JAD | WISHNIA v. CLIENT SERVICES, INC. et al | filed 04/13/11 | closed 12/08/11 |
| 2:11-cv-02114-WJM-MF | WISHNIA v. NCO FINANCIAL SYSTEMS, INC. et al | filed 04/13/11 | closed 11/09/11 |
| 2:11-cv-02473-CCC-JAD | WISHNIA v. FIRST FINANCIAL ASSET MGMT, INC. et al | filed 04/14/11 | closed 11/02/11 |
| 2:11-cv-02841-SRC-MAS | CAPRIO v. CLIENT SERVICES, INC. et al | filed 05/18/11 | closed 06/22/11 |
| 2:11-cv-02877-DMC-JBC | CAPRIO v. HEALTHCARE REVENUE RECOVERY GROUP, LLC et al | filed 05/19/11 | closed 12/30/13 |

7

| | | | |
|---|---|---|---|
| 2:11-cv-03063-KSH-PS | CAPRIO v. LYON COLLECTION SERVICES, INC. et al | filed 05/26/11 | closed 09/19/11 |
| 2:11-cv-03267-CCC-JAD | RODRIGUEZ et al v. CENTRAL CREDIT SERVICES, INC. et al | filed 06/07/11 | closed 12/05/11 |
| 2:11-cv-03308-CCC-JAD | CAPRIO v. PAUL MICHAEL ASSOCIATES et al | filed 06/08/11 | closed 11/02/11 |
| 2:11-cv-03458-FSH-PS | MORSE v. ACCURATE COLLECTION SERVICES, LLC et al | filed 06/15/11 | closed 10/14/11 |
| 2:11-cv-03772-WHW-MCA | HARVEN v. NATIONAL FINANCIAL GROUP, INC. et al | filed 06/30/11 | closed 01/11/12 |
| 2:11-cv-03998-FSH-PS | STOKES v. ROSENBERG & ROSENBERG et al | filed 07/12/11 | closed 01/19/12 |
| 2:11-cv-04004-JLL-MAH | KENNEDY v. ALLIED INTERSTATE, INC. et al | filed 07/12/11 | closed 01/10/12 |
| 2:11-cv-04178-SRC-MAS | ARDINO v. ALLIED INTERSTATE, INC. et al | filed 07/20/11 | closed 01/25/12 |
| 2:11-cv-04357-SDW-MCA | WISHNIA v. NUDELMAN, KLEMM & GOLUB, P.C. et al | filed 07/28/11 | closed 12/20/11 |
| 2:11-cv-05120-JLL-MAH | ST. JOHN v. I.C. SYSTEMS, INC. et al | filed 09/06/11 | closed 12/15/11 |
| 2:11-cv-05408-SRC-MAS | ARDINO v. RICHARD J. BOUDREAU & ASSOCIATES, LLC et al | filed 09/19/11 | closed 10/19/11 |
| 2:11-cv-05548-SDW-MCA | STOKES v. DELBERT SERVICES CORPORATION et al | filed 09/23/11 | closed 04/04/12 |
| 2:11-cv-06434-ES-CLW | PANTO v. FOSTER, GARBUS & GARBUS; and JOHN DOES 1-25. | filed 11/01/11 | closed 11/28/12 |
| 2:11-cv-06520-WJM-MF | ARDINO v. FINANCIAL RECOVERY SERVICES, INC. et al | filed 11/04/11 | closed 06/06/12 |

8

| 2:11-cv-06521-SDW-MCA | CAPRIO v. COMMERCIAL ACCEPTANCE COMPANY et al | filed 11/05/11 | closed 06/13/12 |
|---|---|---|---|
| 2:11-cv-06747-SRC-MAS | STOKES v. THE FARRELL LAW GROUP, LLC et al | filed 11/16/11 | closed 04/26/12 |
| 2:11-cv-07296-KSH-CLW | WILLIAMS v. PRESSLER AND PRESSLER, LLP | filed 12/16/11 | |
| 2:12-cv-00607-MAH | VIGNEAULT v. HOSPITAL & DOCTORS SERVICE BUREAU et al | filed 02/01/12 | closed 05/02/13 |
| 2:12-cv-00906-SDW-MCA | PARISI v. SUMMIT COLLECTION SERVICES, INC. et al | filed 02/15/12 | closed 06/01/12 |
| 2:12-cv-00923-CCC-JAD | PARISI v. CLOUD & TIDWELL, LLC et al | filed 02/15/12 | closed 03/05/12 |
| 2:12-cv-01029-DMC-MF | SALTERS v. SENEX SERVICES CORP. et al | filed 02/20/12 | closed 06/13/12 |
| 2:12-cv-01343-JLL-MAH | PARISI v. CLOUD & TIDWELL, LLC et al | filed 03/05/12 | closed 03/21/12 |
| 2:12-cv-01345-ES-CLW | ARDINO v. SENEX SERVICES CORP. et al | filed 03/05/12 | closed 06/04/12 |
| 2:12-cv-01392-CCC-JAD | CAPRIO V. JEFFREY G. LERMAN, P.C., et al | filed 03/06/12 | closed 03/29/12 |
| 2:12-cv-01672-WJM-MF | PETER v. AMERICAN MEDICAL COLLECTION AGENCY et al | filed 03/16/12 | closed 08/07/12 |
| 2:12-cv-02162-ES-CLW | VITALE v. WILLIAMS, ALEXANDER & ASSOCIATES, INC. et al | filed 04/11/12 | closed 09/26/12 |
| 2:12-cv-02236-JLL-MAH | CUTOLA v. CMRE FINANCIAL SERVICES, INC. et al | filed 04/16/12 | closed 08/06/12 |
| 2:12-cv-03628-MF | ZBOROWSKI v. MCCARTHY & JENNERICH | filed 06/15/12 | closed 12/16/14 |
| 2:12-cv-03862- | JOHN, v. FIRST NATIONAL COLLECTION BUREAU, | filed 06/25/12 | closed 03/06/13 |

JLL-MAH        INC. et al

| 2:12-cv-04253-SRC-JAD | FEUERSTACK v. WEINER, ESQ. et al | filed 07/10/12 | closed 12/15/14 |
| 2:12-cv-04392-WHW-MCA | SHAMY v. CAVALRY PORTFOLIO SERVICES, LLC et al | filed 07/13/12 | closed 10/16/12 |
| 2:12-cv-04844-SDW-MCA | MOHIN v. MIDLAND CREDIT MANAGEMENT, INC et al | filed 08/03/12 | closed 01/07/13 |
| 2:12-cv-05505-ES-SCM | ARDINO v. FIRST CREDIT SERVICES, INC. et al | filed 09/01/12 | closed 05/07/13 |
| 2:12-cv-05507-SRC-CLW | PARISI v. MIRACLE FINANCIAL, INC. et al | filed 09/03/12 | closed 05/31/13 |
| 2:12-cv-05532-ES-SCM | ARDINO v. FMS INC. et al | filed 09/04/12 | closed 03/27/13 |
| 2:12-cv-06142-ES-CLW | MORSE v. DELTA RECOVERY SYSTEMS et al | filed 10/01/12 | closed 12/06/12 |
| 2:12-cv-06795-DMC-MF | STOKES v. SUNRISE CREDIT SERVICES, INC. et al | filed 10/31/12 | closed 12/03/12 |
| 2:12-cv-06805-DRD-PS | STOKES v. TRANSWORLD SYSTEMS, INC. et al | filed 11/01/12 | closed 03/08/13 |
| 2:12-cv-06816-SDW-MCA | STOKES v. INTERNATIONAL ARBITRATION SERVICES et al | filed 11/01/12 | closed 04/01/13 |
| 2:13-cv-00425-WHW-CLW | BACOTE v. COMMERCIAL RECOVERY SYSTEMS, INC. et al | filed 01/22/13 | closed 02/28/14 |
| 2:13-cv-00428-SRC-CLW | ENG v. CAPIO PARTNERS, LLC et al | filed 01/22/13 | closed 05/01/13 |
| 2:13-cv-00473-JLL-MAH | FOGG v. FINANCIAL FILING & REPORTING, INC. et al | filed 01/23/13 | closed 02/13/13 |
| 2:13-cv-01533-SRC-CLW | BACOTE v. FEDERAL BOND COLLECTION SERVICES, INC. et al | filed 03/12/13 | closed 07/07/14 |

10

| | | | |
|---|---|---|---|
| 2:13-cv-01637-ES-SCM | DEFAZIO v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 03/16/13 | closed 06/25/13 |
| 2:13-cv-01639-DMC-JBC | DIBATTISTA v. BUCKALEW, FRIZZELL & CREVINA, LLP. et al | filed 03/16/13 | closed 11/15/13 |
| 2:13-cv-01719-SDW-MCA | COOPER v. AMERICAN MEDICAL COLLECTION AGENCY et al | filed 03/20/13 | closed 04/23/13 |
| 2:13-cv-01821-SCM | ARDINO et al v. SOLOMON AND SOLOMON, P.C., et al | filed 03/22/13 | closed 06/30/15 |
| 2:13-cv-01922-DMC-JBC | MURCIA v. BASS & ASSOCIATES, P.C. et al | filed 03/27/13 | closed 09/23/13 |
| 2:13-cv-02548-FSH-MAH | CAPRIO v. BCA FINANCIAL SERVICES et al | filed 04/20/13 | closed 08/29/13 |
| 2:13-cv-03014-WJM-MF | FRANCO v. ANTHONY FIORELLO, LLC et al | filed 05/09/13 | closed 08/28/13 |
| 2:13-cv-03015-DMC-MF | RICCIO v. VIKING CLIENT SERVICES, INC. | filed 05/09/13 | closed 06/11/13 |
| 2:13-cv-03119-FSH-JBC | CAPRIO v. HERRICK, FEINSTEIN LLP. | filed 05/16/13 | closed 10/09/13 |
| 2:13-cv-03144-SDW-MCA | JOHN v. MCKELLAR & ASSOCIATES GROUP, INC. et al | filed 05/16/13 | closed 06/14/13 |
| 2:13-cv-03373-CCC-MF | MEEKINS v. PALISADES COLLECTION, LLC et al | filed 05/29/13 | closed 10/08/13 |
| 2:13-cv-05076-KM-MAH | CUMMINGS v. NATIONWIDE RECOVERY SERVICE et al | filed 08/23/13 | closed 09/24/13 |
| 2:13-cv-05256-KM-MAH | STOKES v. MEDIATION SERVICES, LLC et al | filed 09/03/13 | closed 05/21/14 |
| 2:13-cv-05354-KM-MAH | GASKIN v. FULTON FRIEDMAN & GULLACE, LLP et al | filed 09/06/13 | closed 12/05/13 |

*11*

| 2:13-cv-06952-WJM-MF | GREGORY v. NATIONSTAR MORTGAGE, LLC et al | filed 11/15/13 | closed 12/10/14 |
|---|---|---|---|
| 2:13-cv-07594-WJM-MF | CAPRIO v. NETWORK RECOVERY SERVICES, INC. et al | filed 12/17/13 | closed 02/06/14 |
| 2:13-cv-07701-WHW-CLW | PERRY v. ZUCKER, GOLDBERG & ACKERMAN, LLC et al | filed 12/19/13 | closed 05/20/14 |
| 2:14-cv-00037-FSH-JBC | MCCARTHY et al v. EQUINOX HOLDINGS, INC. et al | filed 01/03/14 | closed 02/09/15 |
| 2:14-cv-00288-JLL-JAD | GABRIEL et al v. SENTRY CREDIT, INC. et al | filed 01/15/14 | closed 03/10/14 |
| 2:14-cv-01858-JLL-JAD | WEISS v. MCELWEE, ESQ. et al | filed 03/24/14 | closed 02/29/16 |
| 2:14-cv-02205-MF | JACKSON v. RMB, INC. et al | filed 04/07/14 | closed 04/24/15 |
| 2:14-cv-02519-KM-SCM | BEREZ v. PRESSLER AND PRESSLER, LLP. et al | filed 04/18/14 | closed 09/30/14 |
| 2:14-cv-03050-WJM-MF | MATYSEK v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 05/13/14 | closed 09/05/14 |
| 2:14-cv-05316-ES-MAH | BEREZA v. NCO FINANCIAL SYSTEMS, INC. et al | filed 08/25/14 | closed 02/13/15 |
| 2:14-cv-05357-ES-JAD | CUTOLA v. I.R.R., INC. et al | filed 08/26/14 | closed 12/01/14 |
| 2:14-cv-05366-SRC-CLW | GREGORY v. HOME RETENTION SERVICES, INC. et al | filed 08/27/14 | closed 12/02/15 |
| 2:14-cv-05422-CCC-JBC | GONCALVES v. MBZ COLLECTIONS, LLC et al | filed 08/28/14 | closed 10/29/14 |
| 2:14-cv-05471-FSH-JBC | SIEGFRIED v. ACCURATE COLLECTION SERVICES et al | filed 09/02/14 | closed 12/03/14 |
| 2:14-cv-06000- | CASAGNAP v. SKO BRENNER AMERICAN, INC. et al | filed 09/25/14 | closed 11/03/14 |

12

KM-MAH

| | | | |
|---|---|---|---|
| 2:14-cv-06624-SRC-CLW | CUTOLA v. IC SYSTEMS et al | filed 10/23/14 | closed 02/17/15 |
| 2:14-cv-06637-MCA-LDW | UBALDI v. PHILLIPS & COHEN ASSOCIATES, LTD et al | filed 10/26/14 | closed 03/02/16 |
| 2:14-cv-06646-ES-MAH | UBALDI v. UNITED COLLECTION BUREAU, INC. et al | filed 10/26/14 | closed 06/02/15 |
| 2:14-cv-06878-KSH-CLW | DIPIAZZA v. P.D.A.B., INC. et al | filed 11/03/14 | closed 02/03/15 |
| 2:14-cv-06898-SRC-CLW | UBALDI v. ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. et al | filed 11/04/14 | closed 05/04/16 |
| 2:14-cv-07026-SRC-CLW | JONES v. HARRISON | filed 11/10/14 | closed 04/02/15 |
| 2:14-cv-07850-KM-MAH | JACKSON v. RMB, INC. et al | filed 12/17/14 | closed 12/10/15 |
| 2:14-cv-07852-ES-MAH | JACKSON v. AMERICAN ADJUSTMENT BUREAU, INC. et al | filed 12/17/14 | closed 07/06/15 |
| 2:15-cv-00002-JMV-JBC | COLEY v. RELIANCE GOLD BUYERS, INC. et al | filed 01/02/15 | closed 07/13/16 |
| 2:15-cv-00168-SDW-SCM | JACKSON v. CRESTWOOD MANAGEMENT, LLC et al | filed 01/08/15 | closed 08/04/15 |
| 2:15-cv-00378-JLL-JAD | CUTOLA v. BLUE MARSH RECOVERY, LLC. et al | filed 01/20/15 | closed 07/13/15 |
| 2:15-cv-00486-ES-MAH | RICCIO v. EASTERN REVENUE, INC.. et al | filed 01/23/15 | closed 06/02/15 |
| 2:15-cv-00576-JLL-JAD | SANTANGELO v. PRESSLER AND PRESSLER, LLP. et al | filed 01/28/15 | closed 03/01/16 |
| 2:15-cv-01895-MCA-LDW | CRUZ v. WILLIAMS, ALEXANDER & ASSOCIATES, INC., et al | filed 03/13/15 | closed 06/05/15 |

13

| 2:15-cv-02772-SRC-CLW | COPPAHIDRIC v. B&B COLLECTIONS,INC. et al | filed 04/20/15 | closed 10/13/15 |
|---|---|---|---|
| 2:15-cv-03044-CCC-JBC | REIZNER v. ALLIED INTERSTATE LLC et al | filed 04/30/15 | closed 05/24/16 |
| 2:15-cv-03125-JMV-MF | CHAPA v. TURNER, ESQ. et al | filed 05/04/15 | closed 09/26/16 |
| 2:15-cv-03289-JLL-JAD | CAPRIO v. KOPEC, ESQ. et al | filed 05/12/15 | closed 10/01/15 |
| 2:15-cv-03449-SDW-SCM | SHEDLER v. PHILLIPS & COHEN ASSOCIATES, LTD et al | filed 05/20/15 | closed 07/17/15 |
| 2:15-cv-03876-MCA-MAH | SHEDLER v. MONARCH RECOVERY MANAGEMENT INC. et al | filed 06/09/15 | closed 03/11/16 |
| 2:15-cv-05312-ES-MAH | CAPRIO v. KOPEC, ESQ. et al | filed 07/07/15 | closed 10/02/15 |
| 2:15-cv-05705-WHW-CLW | UBOM v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 07/22/15 | |
| 2:15-cv-06104-MAH | UBALDI v. ZWICKER & ASSOCIATES, P.C. et al | filed 08/10/15 | closed 10/07/16 |
| 2:15-cv-06129-JLL-JAD | CONSENZA v. DCM SERVICES, LLC et al | filed 08/11/15 | closed 10/19/15 |
| 2:15-cv-06161-WHW-CLW | LOYOLA v. MORRIS COUNTY PHYSICIANS & DENTISTS ADJUSTMENT BUREAU, INC. et al | filed 08/12/15 | closed 02/22/16 |
| 2:15-cv-06194-SDW-SCM | UBALDI v. ARS NATIONAL SERVICES, INC. et al | filed 08/13/15 | closed 09/26/16 |
| 2:15-cv-06368-WHW-CLW | CUTOLA v. HARRISON et al | filed 08/24/15 | closed 02/22/16 |
| 2:15-cv-06404-CCC-JBC | MARIANO v. COMMERCIAL SERVICES GROUP, INC. et al | filed 08/24/15 | |

14

| | | | |
|---|---|---|---|
| 2:15-cv-06405-SDW-SCM | LUGO v. FIRSTSOURCE ADVANTAGE, LLC et al | filed 08/24/15 | closed 06/16/16 |
| 2:15-cv-06416-JMV-JBC | LUGO v. FIRST NATIONAL COLLECTION BUREAU, INC. et al | filed 08/25/15 | closed 07/18/16 |
| 2:15-cv-06417-KSH-CLW | VARGAS v. CREDIT BUREAU OF NAPA COUNTY, INC. et al | filed 08/25/15 | closed 02/25/16 |
| 2:15-cv-06525-ES-JAD | PANIAGUA v. PORTFOLIO RECOVERY ASSOCIATES, LLC et al | filed 08/31/15 | closed 04/05/16 |
| 2:15-cv-06527-CCC-MF | KELLEY v. ENHANCED RECOVERY COMPANY, LLC et al | filed 08/31/15 | |
| 2:15-cv-06529-KM-JBC | SANON-LAUREDANT v. LTD FINANCIAL SERVICES, L.P. et al | filed 08/31/15 | |
| 2:15-cv-06814-JAD | KHANNA v. SOKOLOFF et al | filed 09/12/15 | |
| 2:15-cv-06815-KSH-CLW | STOKES v. MILLENNIA COLLECTIONS, LLC. et al | filed 09/14/15 | closed 05/26/16 |
| 2:15-cv-06986-SDW-SCM | UBALDI v. ARS NATIONAL SERVICES, INC. et al | filed 09/21/15 | closed 09/26/16 |
| 2:15-cv-07659-WJM-MF | LUGO v. FINANCIAL RECOVERY SERVICES, INC. et al | filed 10/22/15 | closed 07/19/16 |
| 2:15-cv-08211-ES-JAD | TRABALKA v. SOUTHWEST CREDIT SYSTEMS, L.P. et al | filed 11/22/15 | |
| 2:15-cv-08212-JMV-JBC | ALVAREZ-CASTRO v. VITAL RECOVERY SERVICES, INC. et al | filed 11/22/15 | closed 06/29/16 |
| 2:15-cv-08426-ES-SCM | GENTILE v. KAPLAN et al | filed 12/03/15 | closed 11/01/16 |
| 2:15-cv-08434-CCC-JBC | DAMSTRA v. CREDENCE RESOURCE MANAGEMENT LLC et al | filed 12/03/15 | closed 06/09/16 |
| 2:15-cv-08878- | PATEL v. CMRE FINANCIAL SERVICES, INC. et al | filed 12/26/15 | closed 02/22/16 |

15

JLL-JAD

| 2:16-cv-00031-ES-SCM | LEDESMA-APOLINARIO v. DYNAMIC RECOVERY SOLUTIONS, LLC, et al | filed 01/04/16 | closed 04/19/16 |
|---|---|---|---|
| 2:16-cv-00036-CCC-SCM | SANCHEZ v. DYNAMIC RECOVERY SOLUTIONS, LLC et al | filed 01/04/16 | closed 04/22/16 |
| 2:16-cv-00298-JLL-JAD | STEVER v. HARRISON | filed 01/18/16 | |
| 2:16-cv-00308-ES-SCM | BRITTON v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 01/19/16 | closed 11/15/16 |
| 2:16-cv-00333-CCC-SCM | PORTELA v. THE CBE GROUP, INC. et al | filed 01/19/16 | |
| 2:16-cv-00706-KM-MAH | CAREY v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 02/09/16 | closed 10/25/16 |
| 2:16-cv-01219-MCA-SCM | GABAY v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 03/03/16 | closed 10/07/16 |
| 2:16-cv-01231-KM-JBC | HYLTON v. DYNAMIC RECOVERY SOLUTIONS, LLC et al | filed 03/03/16 | closed 06/27/16 |
| 2:16-cv-01234-ES-MAH | GRIFFIN v. M.L. ZAGER, P.C. et al | filed 03/03/16 | |
| 2:16-cv-01850-WJM-MF | PERRY v. ATLANTIC CREDIT AND FINANCE INCORPORATED et al | filed 04/03/16 | closed 11/03/16 |
| 2:16-cv-02283-MCA-LDW | LOK v. PRESSLER AND PRESSLER LLP | filed 04/22/16 | closed 06/29/16 |
| 2:16-cv-02328-WJM-MF | LANIN v. CONVERGENT OUTSOURCING, INC. et al | filed 04/25/16 | closed 07/01/16 |
| 2:16-cv-02546-KM-MAH | TROMBLEY v. HARRISON et al | filed 05/05/16 | closed 11/02/16 |
| 2:16-cv-02700-KM-MAH | NAHARI v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 05/12/16 | |

16

| | | |
|---|---|---|
| 2:16-cv-02703-JMV-MF | LORDI v. PROGRESSIVE FINANCIAL SERVICES, INC. et al | filed 05/12/16   closed 11/15/16 |
| 2:16-cv-04266-KM-MAH | O'NEILL v. NORTHLAND GROUP, INC. et al | filed 07/13/16 |
| 2:16-cv-04301-SDW-SCM | SMITH-PARRIS v. INGRAM & ASSOCIATES, LLC et al | filed 07/15/16 |
| 2:16-cv-04422-CCC-SCM | DISLA v. NORTHSTAR LOCATION SERVICES, LLC et al | filed 07/20/16 |
| 2:16-cv-04424-JLL-SCM | GIAMMONA v. ADESSA et al | filed 07/20/16   closed 11/22/16 |
| 2:16-cv-04494-KSH-CLW | GONZALEZ v. DIVERSIFIED CONSULTANTS, INC. et al | filed 07/25/16 |
| 2:16-cv-04634-SDW-SCM | O'BRIEN v. PORTFOLIO RECOVERY ASSOCIATES, LLC et al | filed 08/01/16 |
| 2:16-cv-04977-WJM-MF | LUGO v. FITZGERALD EQUITY PARTNERS, LLC et al | filed 08/13/16   closed 10/12/16 |
| 2:16-cv-05633-WJM-MF | VILLANUEVA v. CREDIT CONTROL, LLC et al | filed 07/24/16   closed 10/12/16 |
| 2:16-cv-05634-WJM-MF | SANDERS v. PROFESSIONAL MEDICAL MANAGEMENT, INC. et al | filed 07/24/16 |
| 2:16-cv-05639-MCA-LDW | LUGO v. FINANCIAL RECOVERY SERVICES, INC. et al | filed 09/16/16 |
| 2:16-cv-05881-JMV-MF | JUDAH v. TOTAL CARD, INC. et al | filed 09/25/16 |
| 2:16-cv-07391-JMV-MF | TABOR v. ELTMAN LAW, P.C. et al | filed 10/17/16 |
| 2:16-cv-07417-CCC-MF | MEYERSON v. THE LAW FIRM OF RYAN E. CALEF & ASSOCIATES, LLC et al | filed 10/17/16 |

17

| | | |
|---|---|---|
| 2:16-cv-08433-MCA-LDW | LUGO v. KP RECOVERY SOLUTIONS LLC et al | filed 11/10/16 |
| 2:16-cv-08434-SDW-SCM | MATEO v. ARS NATIONAL SERVICES, INC. et al | filed 11/10/16 |
| 2:16-cv-08454-MCA-MAH | MARTINEZ v. NORTHLAND GROUP, INC. et al | filed 11/12/16 |
| 3:08-cv-00087-MLC-TJB | MARTIN v. MCS CLAIM SERVICES, INC. | filed 01/07/08  closed 03/19/08 |
| 3:08-cv-00921-JAP-TJB | WATERS v. KEYSTONE FINANCIAL SERVICES | filed 02/18/08  closed 04/11/08 |
| 3:08-cv-01999-FLW-TJB | POLTROCK v. NJ AUTOMOTIVE ACCOUNTS MANAGEMENT CO., INC. et al | filed 04/22/08  closed 03/16/09 |
| 3:08-cv-04063-FLW-TJB | ROSAMILIA v. ACB RECEIVABLES MANAGEMENT INC. | filed 08/11/08  closed 04/01/10 |
| 3:08-cv-04181-GEB-TJB | VAN-WIEMOKLY v. SAVIT COLLECTION AGENCY | filed 08/18/08  closed 09/03/08 |
| 3:08-cv-05724-FLW-DEA | SMITH v. RUBIN & RAINE OF NEW JERSEY, LLC et al | filed 11/19/08  closed 07/14/09 |
| 3:08-cv-06423-FLW-TJB | SMITH v. KEYSTONE FINANCIAL SERVICES et al | filed 12/31/08  closed 01/27/09 |
| 3:09-cv-00556-FLW-DEA | CAMHI v. CERTIFIED CREDIT & COLLECTION BUREAU et al | filed 02/06/09  closed 11/04/09 |
| 3:09-cv-01433-AET-TJB | WATSON v. CERTIFIED CREDIT & COLLECTION BUREAU et al | filed 03/27/09  closed 09/23/09 |
| 3:09-cv-01759-FLW-LHG | SHANKER v. FAIR COLLECTION & OUTSOURCING, INC. | filed 04/14/09  closed 06/19/09 |
| 3:09-cv-01761-JAP-TJB | SMITH v. B&B COLLECTIONS, INC. | filed 04/13/09  closed 08/06/09 |
| 3:09-cv-05000- | SMITH v. B&B COLLECTIONS, INC. | filed 09/29/09  closed 01/27/10 |

FLW-DEA

| 3:10-cv-01870-FLW-LHG | CUTOLA v. HAYT, HAYT & LANDAU, LLC. | filed 04/12/10 | closed 07/16/10 |
|---|---|---|---|
| 3:10-cv-04340-GEB-DEA | PANTO v. PROFESSIONAL BUREAU OF COLLECTION et al | filed 08/23/10 | closed 05/31/11 |
| 3:10-cv-06694-PGS-DEA | JACKSON v. TRANSWORLD SYSTEMS INC. et al | filed 12/22/10 | closed 06/27/11 |
| 3:11-cv-00746-AET-DEA | RIZZO v. NCO FINANCIAL SYSTEMS, INC. et al | filed 02/09/11 | closed 04/05/11 |
| 3:11-cv-01781-JAP-TJB | STOKES v. STARICK et al | filed 03/29/11 | closed 05/19/11 |
| 3:11-cv-03757-MLC-LHG | BOWYER v. STARICK et al | filed 06/28/11 | closed 10/19/11 |
| 3:12-cv-00733-JAP-TJB | CUTOLA v. CERTIFIED CREDIT & COLLECTION BUREAU et al | filed 02/03/12 | closed 08/09/12 |
| 3:12-cv-00925-PGS-DEA | PANTO v. CLIENT SERVICES, INC. et al | filed 02/15/12 | closed 06/28/12 |
| 3:12-cv-05837-MAS-LHG | RICIO v. JOHN C. BONEWICZ, P.C. et al | filed 09/15/12 | closed 11/15/12 |
| 3:12-cv-06576-MAS-DEA | SCHROEDER v. MIDLAND CREDIT MANAGEMENT, INC. et al | filed 10/16/12 | closed 01/29/13 |
| 3:12-cv-06856-AET-DEA | STOKES v. RICKART COLLECTION SYSTEMS, INC. et al | filed 11/02/12 | closed 02/13/13 |
| 3:13-cv-03843-MAS-TJB | PANTO v. NCB MANAGMENT SERVICES INCORPORATED et al | filed 06/20/13 | closed 08/20/13 |
| 3:13-cv-04445-PGS-DEA | RICCIO v. ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. et al | filed 07/22/13 | closed 10/09/14 |
| 3:13-cv-06422-PGS-TJB | DIPIAZZA et al v. COMMERCIAL BONDED COLLECTION CO. et al | filed 10/25/13 | closed 07/07/14 |

19

| 3:13-cv-07421-FLW-TJB | GRUBB v. GREE TREE SERVICING LLC et al | filed 12/09/13 | |
| 3:13-cv-07422-TJB | MAZZUCCO v. CERTIFIED CREDIT & COLLECTION BUREAU et al | filed 12/10/13 | closed 02/18/15 |
| 3:14-cv-00710-MAS-TJB | LOREAUX et al v. ACB RECEIVABLES MANAGEMENT, INC. et al | filed 02/04/14 | closed 09/21/16 |
| 3:14-cv-01567-JAP-LHG | ARDINO et al v. RETROFITNESS, LLC et al | filed 03/11/14 | closed 12/18/14 |
| 3:14-cv-02886-PGS-DEA | GOOD v. LAW OFFICE OF GARY A. KAY, ESQ. et al | filed 05/06/14 | closed 05/19/15 |
| 3:14-cv-06418-FLW-LHG | RODRIGUEZ v. ACB RECEIVABLES MANAGEMENT, INC. et al | filed 10/17/14 | closed 09/14/16 |
| 3:14-cv-06420-PGS-TJB | KASSIN v. REMEX REVENUE MANAGEMENT, INC. et al | filed 10/17/14 | closed 06/16/15 |
| 3:14-cv-06496-PGS-DEA | MOELLER v. APEX ASSET MANAGEMENT, LLC et al | filed 10/21/14 | closed 04/24/15 |
| 3:14-cv-06532-PGS-TJB | FACKINA v. RJM ACQUISITIONS LLC et al | filed 10/21/14 | closed 07/24/15 |
| 3:14-cv-06695-DEA | RICCIO v. DEBT RECOVERY SOLUTIONS, LLC et al | filed 10/27/14 | closed 12/16/15 |
| 3:14-cv-06817-AET-LHG | MORELLO v. LEADING EDGE RECOVERY SOLUTIONS, LLC. et al | filed 10/30/14 | closed 03/26/15 |
| 3:14-cv-06867-MAS-LHG | MAZZUCCO v. NCO FINANCIAL SYSTEMS, INC. et al | filed 10/31/14 | closed 11/04/15 |
| 3:14-cv-06875-AET-DEA | MAZZUCCO v. WEST ASSET MANAGEMENT, INC. et al | filed 11/03/14 | closed 07/01/15 |
| 3:14-cv-07288-MAS-TJB | PARLAVECCHIO v. REMAX, INC. et al | filed 11/22/14 | closed 04/07/15 |

20

| | | | |
|---|---|---|---|
| 3:14-cv-07627-PGS-LHG | ASHKENAZI v. CERTIFIED CREDIT & COLLECTION BUREAU et al | filed 12/08/14 | closed 10/19/16 |
| 3:14-cv-07829-AET-LHG | RICCIO v. VITAL RECOVERY SERVICES, INC. et al | filed 12/16/14 | closed 11/04/15 |
| 3:15-cv-00118-FLW-LHG | JONES v. CERTIFIED CREDIT & COLLECTION BUREAU, INC. et al | filed 01/06/15 | closed 06/19/15 |
| 3:15-cv-00253-PGS-LHG | MANOPLA v. ACB RECEIVABLES MANAGEMENT, INC. et al | filed 01/13/15 | closed 03/24/15 |
| 3:15-cv-00260-BRM-DEA | CARNEY et al v. RUSSELL P. GOLDMAN, P.C. et al | filed 01/13/15 | |
| 3:15-cv-00420-PGS-TJB | HEANEY v. SENEX SERVICES CORP. et al | filed 01/20/15 | closed 04/13/15 |
| 3:15-cv-01458-PGS-LHG | MORELLO v. TRANS-CONTINENTAL CREDIT & COLLECTION CORP. et al | filed 02/26/15 | closed 08/18/15 |
| 3:15-cv-02974-FLW-LHG | SPAGNOLA v. NCO FINANCIAL SERVICES INC. et al | filed 04/28/15 | closed 07/24/15 |
| 3:15-cv-03298-FLW-LHG | VAN-PELT v. THE THRASHER LAW FIRM et al | filed 05/12/15 | closed 09/02/15 |
| 3:15-cv-03417-AET-LHG | CZUBACHOUSKI v. STONELEIGH RECOVERY ASSOCIATES, LLC et al | filed 05/18/15 | closed 10/30/15 |
| 3:15-cv-03804-MAS-DEA | ALSTON v. HAYT, HAYT & LANDAU, LLC et al | filed 06/08/15 | closed 10/05/15 |
| 3:15-cv-03844-FLW-DEA | SPAGNOLA v. COMMONWEALTH FINANCIAL SYSTEMS, INC. et al | filed 06/09/15 | closed 11/30/15 |
| 3:15-cv-04727-FLW-LHG | PERKINS v. JEFFERSON CAPITAL SYSTEMS, LLC. et al | filed 06/30/15 | closed 12/02/15 |
| 3:15-cv-06190-BRM-LHG | CARROLL v. NORTHLAND GROUP INC., et al | filed 08/12/15 | |
| 3:15-cv-06191- | CARROLL v. CREDIT CONTROL, LLC et al | filed 08/12/15 | closed 04/21/16 |

21

PGS-TJB

| 3:15-cv-06195-PGS-DEA | CARDOSO v. STONELEIGH RECOVERY ASSOCIATES, LLC. et al | filed 08/13/15 | closed 06/07/16 |
| 3:15-cv-06209-FLW-LHG | PESOLA v. CREDIT CONTROL, LLC et al | filed 08/14/15 | closed 04/20/16 |
| 3:15-cv-06403-BRM-TJB | CARROLL v. J.C. CHRISTENSEN & ASSOCIATES, INC. et al | filed 08/25/15 | closed 08/26/16 |
| 3:15-cv-07702-FLW-TJB | ARCHER v. LAW OFFICES OF KEITH LAVALLEE et al | filed 10/26/15 | closed 12/15/15 |
| 3:15-cv-07959-FLW-LHG | TRUGLIO v. PLANET FITNESS, INC. et al | filed 11/06/15 | |
| 3:16-cv-01442-MAS-TJB | MENDEZ v. ASSOCIATED CREDIT SERVICES, INC. et al | filed 03/14/16 | closed 08/24/16 |
| 3:16-cv-01611-MAS-TJB | PIECH v. MARK L. NICHTER, P.C. et al | filed 03/23/16 | closed 09/08/16 |
| 3:16-cv-04517-MAS-LHG | JIMENEZ v. MCKENNA, DUPONT, HIGGINS & STONE, P.C. et al | filed 07/22/16 | |
| 3:16-cv-04533-FLW-TJB | KISLIN v. NORTHLAND GROUP INC. et al | filed 07/25/16 | |
| 3:16-cv-04670-PGS-LHG | GRIFFIN v. REMEX, INC. et al | filed 07/20/16 | |
| 3:16-cv-05307-BRM-LHG | HOCHBERG v. LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, P.C. et al | filed 08/30/16 | |
| 3:16-cv-05642-AET-TJB | CAPRIO v. SUNRISE CREDIT SERVICES, INC. et al | filed 09/15/16 | |
| 3:16-cv-05751-MAS-TJB | SLOTA v. CMRE FINANCIAL SERVICES, INC. et al | filed 09/20/16 | |
| 3:16-cv-05920-MAS-TJB | BRAND FIRST, INC. v. ATLANTIC PACKING GROUP, LLC et al | filed 09/26/16 | closed 11/03/16 |

22

| 3:16-cv-08227-FLW-LHG | BOYLE v. SLOMIN'S, INC. et al | filed 11/03/16 |
| 3:16-cv-08488-MAS-LHG | NW et al v. SIMON'S AGENCY, INC. et al | filed 11/13/16 |
| 3:16-cv-08502-FLW-TJB | LAFFITTE v. PC BC&C, INC. et al | filed 11/10/16 |

| **PACER Service Center** | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 12/01/2016 12:42:14 | | | | |
| **PACER Login:** | davidmhoffman:2536494:0 | **Client Code:** | | |
| **Description:** | Search | **Search Criteria:** | | Last Name: Jones First Name: Joseph Middle Name: K. Type: aty |
| **Billable Pages:** | 10 | **Cost:** | | 1.00 |

23