# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

CRAIG J. COMPOLI
Direct dial: (973) 425-8687
ccompoli@mdmc-law.com

January 23, 2017

<u>VIA ELECTRONIC FILING</u>

    Re:     Jeffrey A. Winters and Collection Solutions, Inc., on their own behalf and on behalf of all others similarly situated v. Joseph K. Jones, Esq., *et al*.
             Civil Action No. 2:16-cv-09020-JMV-JBC
             MDMC File No. C1347-1265

Dear Mr. Hoffmann:

    As you know, this office was retained to represent Defendants Laura S. Mann, Esq. and Law Offices of Laura S. Mann, LLC (collectively the "Mann Defendants") in connection with the above matter.

    This correspondence shall serve as formal notice that the class action pleading filed on behalf of your clients, Jeffrey A. Winters and Collection Solutions, Inc., on their own behalf and on behalf of all others similarly situated (collectively the "Plaintiffs") in the above-referenced matter and the continuing litigation of this matter is in plain violation of *Fed. R. Civ. P.* 11 and 28 *U.S.C.* § 1927 and is, therefore, frivolous.

    Federal Rules of Civil Procedure, Rule 11, provides, in pertinent part:

> **(b) Representations to Court**. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law;
> (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 2

> evidentiary support after a reasonable opportunity for further investigation or discovery[.]

[*Fed. R. Civ. P.* 11(b)(1)-(3).]

Moreover, Title 28 of the United States Code, Section 1927, provides, in pertinent part:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[28 U.S.C. § 1927.]

It is beyond dispute that the pleading in this matter was filed in violation of *Fed. R. Civ. P.* 11(b)(1)-(3) and your continued litigation of this matter is in violation of 28 U.S.C. § 1927. Plaintiffs' claims have been presented for an improper purpose and there is no evidentiary support for their factual contentions. In short, Plaintiffs' lack standing to bring claims against the Mann Defendants and have failed to plead a sufficient factual basis upon which the Mann Defendants could be found to have violated Counts One through Four of Plaintiffs' Complaint. These arguments are further elaborated on in the Mann Defendants Brief in Support of their Motion to Dismiss all claims against them pursuant to *Fed. R. Civ. P.* 12(b)(6), filed on January 20, 2017.

The Mann Defendants hereby demand that Plaintiffs stipulate to the voluntary dismissal of this action no later than twenty-one (21) days after service of this correspondence. If we do not hear from you in writing within that time frame, we will have no alternative to filing a motion for sanctions pursuant to *Fed. R. Civ. P.* 11(c) and 28 *U.S.C.* § 1927 seeking sanctions against you, your firm, and the Plaintiffs.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP


/s/ Craig J. Compoli

CRAIG J. COMPOLI, ESQ.