

**Meredith Kaplan Stoma**
Partner
Admitted in NJ and NY

651 Old Mount Pleasant Avenue
Suite 200
Livingston, NJ 07039
T: 973.863.7747  F: 973.994.3375
E: mstoma@morganlawfirm.com

February 8, 2018

**VIA ELECTRONIC FILING**
The Hon. John Michael Vazquez, U.S.D.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. P.O. & Courthouse, Room 417
2 Federal Square
Newark, NJ 07102

    **RE:**    **WINTERS v. JONES, et als**
             Docket No.: 2:16-cv-09020
             Our File No.: MRC 36-368 U EA/MKS

Dear Judge Vazquez

    Please accept this correspondence as a joint submission on behalf of all Defendants in response to Plaintiff's correspondence to Your Honor dated January 30, 2018 regarding Barry Sussman. Plaintiff's letter indicates it was "Not Filed" which we believe has been corrected by the Court. Plaintiff's improper letter serves no purpose and should not be considered by the Court. However, certain misstatements in Plaintiff's letter need to be corrected.

    Contrary to Plaintiff's contentions, Your Honor's references to Sussman in the Rule 11 Opinion are far from irrelevant. In seeking sanctions, Defendants asserted Sussman's involvement in the case was evidence of malicious intent. It is our understanding Sussman has been found guilty of numerous crimes. In operating a debt collection agency, he was convicted of helping a client impersonate an FBI agent to collect a debt. Later, he pled guilty to one count of credit card fraud in violation of 18 U.S.C. §1029(a)(2) and four counts of mail fraud in violation of 18 U.S.C. §1341 and 1342. While serving a two-year prison term for violating probation, Sussman wrote "a how-to book for the con man." After being

The Hon. John Michael Vazquez, U.S.D.J.
February 8, 2018
Page -2-

released from prison and graduating from law school, Sussman continued to operate debt collection agencies. The Federal Trade Commission asserted Sussman engaged in a "nationwide scheme to extract millions of dollars from consumers by falsely threatening them with arrest and prosecution." Thus, a Court prohibited Sussman from participating in any debt collection activities and entered a $10 million judgment against him. Sussman withdrew from a safety deposit box gold coins which were to be used to satisfy the judgment. As a result, he was found guilty of one count of theft of government property in violation of 18 U.S.C. §641 and one count of obstruction of justice in violation of 18 U.S.C. §1503(a). Sussman's malicious contempt for attorneys representing debtors is plain. His involvement in this litigation filed on behalf of debt collectors is highly questionable and evidence of sanctionable conduct.

Additionally, any indication the United States Supreme Court abrogated the case defining the offenses for which Sussman was charged, thus rendering him to be wrongly charged, is incorrect. The holding in Henson v. Santander, 137 S.Ct. 810 (2017) overturned, in part, F.T.C. v. Check Investors, Inc., 502 F.3d 159 (3d Cir. 2007) which held the Fair Debt Collection Practices Act ("FDCPA") applied to Sussman's entity who was in the practice of purchasing debts and then seeking to collect on those debts. The Third Circuit found the Sussman operated entity, Check Investors, was a debt collector within the definition of the FDCPA. Henson, however, does not abrogate the offenses for which Sussman was convicted and the Supreme Court did not find he was wrongly charged with any crime. In fact, Sussman was not actually charged with any crimes related to his conduct as a debt collector or purchaser in Check Investors. After the district court awarded the FTC a $10 million judgment, Sussman was found guilty of theft of government property and obstruction of justice for removing millions of dollars in gold coins from a safety deposit box which were to be used to satisfy the judgment.

Furthermore, Henson does not hold that Sussman was wrongly charged of the crime outlined above. These are not "technical offenses" as Sussman was found guilty of violating federal criminal statutes. Henson does nothing to absolve him. Given Sussman's criminal history related to his debt collections and inability to obtain a license to practice law, he should be completely discouraged from engaging in any professional legal activity as he has repeatedly exhibited immoral,

The Hon. John Michael Vazquez, U.S.D.J.
February 8, 2018
Page -3-

deceptive and fraudulent behavior unbefitting of this esteemed profession. Your Honor's consideration of this is completely relevant to whether the Court should award sanctions.

Respectfully submitted,

MEREDITH KAPLAN STOMA

MKS/JAH/cac
cc: David M. Hoffman, Esq.-**VIA ELECTRONIC FILING**
Craig L. Steinfeld, Esq.-**VIA ELECTRONIC FILING**
Craig J. Compoli, Jr., Esq.-**VIA ELECTRONIC FILING**

{01419554}